J-A29045-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| W.Z., A MINOR | : | |
| | : | |
| | : | |
| APPEAL OF: A.Z., FATHER AND S.J., | : | |
| MOTHER | : | No. 870 WDA 2014 |

Appeal from the Order Entered April 29, 2014,
in the Court of Common Pleas of Washington County,
Juvenile Court, at No(s): 63-DP-25-2014

BEFORE:    FORD ELLIOTT, P.J.E, ALLEN, and STRASSBURGER, J.J.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED NOVEMBER 26, 2014**

A.Z. (Father) and S.J. (Mother) (collectively, Appellants), appeal from the order of disposition entered on April 29, 2014, wherein the juvenile court adjudicated the parties' minor son, W.Z., dependent pursuant to the Juvenile Act[1] and placed him in the care of Maternal Grandmother. We affirm.

The juvenile court set forth the relevant history of this case as follows.

> On March 13, 2014, Washington County Children & Youth Services ("The Agency") filed a dependency petition alleging that W.Z. was a dependent child under 42 Pa.C.S. § 6302(1). As W.Z. was not in protective custody, the trial court scheduled a hearing to adjudicate the allegation of dependency for April 16, 2014 at 11:30 a.m. On April 10, 2014, the Court appointed counsel for [Father] for the April 16 hearing.
>
> On April 16, Attorney Joyce Hatfield-Wise, Esq., on behalf of the Agency, Attorney Erin Dickerson, Esq., the Guardian *ad Litem*, Attorney Tamara Reese, Esq., on behalf of [Father], and [Mother] appeared for the scheduled adjudicatory hearing.

_____
[1] 42 Pa.C.S. §§ 6301-6375.


*Retired Senior Judge assigned to the Superior Court.

[Mother] was unrepresented. The [juvenile court] advised [Mother] of her right to have counsel, and asked her if she wished to have counsel appointed. Upon [Mother's] statement that she could not afford her own counsel, the [juvenile court] appointed David Rundquist, Esq., to represent her. The [c]ourt then granted a postponement of the hearing to the following day, April 17, 2014, at 10:00 a.m.

Before the close of the proceeding on April 16, 2014, the Guardian *ad Litem* made an oral motion for shelter care placement of W.Z. Ms. Dickerson stated that the basis of her concern was W.Z.'s safety and welfare while in the care of [Mother] and/or [Father]. Additionally, she advised the court that W.Z. had missed 30 days of school and had witnessed and had been subjected to domestic violence while in the home of [Appellants].

The Agency took the position that they would permit W.Z. to return home with [Mother] so long as [Father] would not be in the same household. [Father] took the position that he had no objection to W.Z.'s removal, but that he would not agree to the child going with [Mother]. The Agency then changed its position and indicated that they would concede to the recommendation of the Guardian *ad Litem* if the child were placed in the home of the Maternal Grandmother until the time of the adjudicatory hearing, to be held the next day. The Agency then joined in the request of the Guardian *ad Litem* for shelter care.

[Father] also objected to the placement of W.Z. in the home of the Maternal Grandmother. During the course of the proceeding, there was considerable argument between [Appellants] that required court intervention. The [juvenile court] then directed the Agency to perform a home visit to ensure that the Maternal Grandmother's home was safe, and that if the Agency determined that the home was not safe that they were to call and request an emergency order for alternative placement.

On April 17, 2014, the [juvenile court] conducted the adjudication and disposition hearing. [Mother] was represented by attorney David Rundquist, Esq., and [Father] was represented by attorney Tamara Reese, Esq. At the outset of the hearing,

counsel for the Agency advised the court that the parties were stipulating as to the adjudication of dependency but disputing disposition.

The court proceeded to conduct a hearing, accepting the stipulation to the finding of W.Z. to be a dependent child under 42 Pa.C.S. § 6302(1) and indicating that it was due to "unresolved domestic violence issues and other matters that may be related thereto" and because "it has been indicated [W.Z.] has missed 30 days of school." The [juvenile court] heard testimony from Officer Shawn Kief, [Maternal Grandmother], and the Agency caseworker, Virginia Caramana.

At the conclusion of the hearing, the [juvenile court] accepted the stipulations of the parties, and having considered the stipulations and the testimony of the three witnesses, found that W.Z. was a dependent child by clear and convincing evidence under 42 Pa.C.S. § 6302(1) in need of care, custody, and supervision. The [juvenile court] further found that to stay in the home of either parent would be contrary to the health, safety, and welfare of W.Z. The court accepted the Agency's recommendation as to disposition in part, permitting both supervised and unsupervised visitation where [Appellants] visited W.Z. separate of each other. The [juvenile court] found that it would be in the best interests of W.Z. to be placed in the home of [Maternal Grandmother].

The [juvenile court] ordered mental health evaluations, domestic violence counseling, co-parenting, and random drug testing for [Appellants]. The [juvenile court] also ordered perpetrator counseling for [Father]. At that time, the court scheduled a Permanency Review Hearing for Friday, June 20, 2014 and adjourned proceedings.

On May 23, 2014, the [juvenile court] received notice under Pa.R.A.P. 1925 and a statement of errors [complained of on appeal from Appellants. This appeal followed.]

Juvenile Court Opinion, 6/20/2014, at 2-5 (unnumbered).

Appellants raise one issue for our review:

Did the juvenile court err as a matter of law and abuse its discretion in entering orders of adjudication and disposition, and accompanying "findings", solely upon various purported "stipulations" of the Appellants to the material facts and/or to the exercise of the court's jurisdiction, or upon [A]ppellants' purported consent to the adjudication and/or disposition orders, where there is no competent evidence in the record that Appellants did, in fact, knowingly or intelligently enter into such stipulations or otherwise consent to such entry of the appealed orders?

Appellants' Brief at 6.

Our Supreme Court set forth our standard of review for dependency cases as follows:

[T]he standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

*In re R.J.T.,* 9 A.3d 1179, 1190 (Pa. 2010).

With respect to stipulations, the Rules of Juvenile Court Procedure provide, in pertinent part, as follows.

**A. Agreements.** At any time after the filing of a petition, any party may present stipulations or agreements by all parties to the court in writing or orally on the record to any or all of the following:

(1) Findings of fact to be deemed admitted by the parties;

\*\*\*

(6) Any other stipulation or agreement found to be appropriate by the court.

Pa.R.J.C.P. 1405(A).

Appellants herein challenge the following discussion, which occurred prior to the April 17, 2014 adjudicatory hearing.

THE COURT: How are we proceeding?

[AGENCY COUNSEL]: It is sort of a mixed bag, as I understand it. I think there is an agreement as to adjudication. I think the issue in dispute is placement.

THE COURT: So we will have a stipulation as to the adjudication of dependency and have a hearing on disposition.

[AGENCY COUNSEL]: Yes.

THE COURT: Are the parties prepared to do the hearing on disposition now?

[AGENCY COUNSEL]: Yes.

THE COURT: What specifically is the stipulation with regard to dependency? Are we Subparagraph 1 of Title 42, 6302, in need of care, custody and control?

[AGENCY COUNSEL]: Yes, Your Honor.

THE COURT: And factually, what would be the factual finding to support dependency that all parties are in agreement to?

[AGENCY COUNSEL]: That it would be contrary to the health, safety and welfare for the child to remain in the care of the parents at this time as the parents have unresolved domestic violence issues.

THE COURT: Mr. Rundquist, on behalf of [Mother], are you in agreement with both the finding of dependency and the facts that support it, being the unresolved domestic violence issues within the home of [Father] and [Mother] and it would be contrary to [W.Z.'s] health and safety to remain there?

[COUNSEL FOR MOTHER]: Your Honor, I believe my client is agreeable to that. It's the disposition and her access to [W.Z.] that is the problem.

[COUNSEL FOR FATHER]: I'm in agreement. The issue is [W.Z.] missing 30 days of school this year, which is one of the bases.

THE COURT: That's certainly something we should consider on disposition.

[GUARDIAN *AD LITEM*]: I was going to ask that be added[,] the 30 days[,] and there are unresolved mental health issues. I think it extends beyond domestic violence and possibly drug and alcohol issues I don't know whether or not there is any specific –

THE COURT: For the purposes of today's stipulation, if we can indicate its unresolved domestic violence issues and other matters that may be related thereto, and I will certainly indicate that it has been indicated [W.Z.] has missed 30 days of school as part of the stipulation.

With that, the [c]ourt will accept the stipulation and agreement of the parties and find [W.Z.] is a dependent child in need of care, custody and supervision of the Washington County Children and Youth Social Services Agency and is a dependent child pursuant to the Juvenile Act, 42 Pa. C.S.A., 6302, Subparagraph 1. How are we going to proceed on disposition today?

N.T., 4/17/2014, at 6-9.

We begin by noting, "[i]t is axiomatic that, in order to preserve an issue for review, litigants must make timely and specific objections during trial...." **In re R.P.**, 957 A.2d 1205, 1222 (Pa. Super. 2008) (citations omitted); Pa.R.A.P. 302(a). Instantly, the record reveals that neither Mother's counsel nor Father's counsel objected to the court's proposed

stipulation. In fact, counsel for Father requested an amendment to the stipulation to include a discussion of the time W.Z. missed at school. Moreover, the Appellants' brief in this matter fails to specify the method in which this claim was raised and preserved with the trial court, in violation of Pa.R.A.P. 2117(c) and 2119(e). Accordingly, we find Appellants' issue waived.[2]

Further, we reject Appellants' argument that the court erred in determining W.Z. was dependent without additional testimony. Appellants' Brief at 13-14. The Juvenile Court Rules of Procedure provide that, if the juvenile court accepts the parties' stipulation, the court shall "(i) take additional testimony as necessary to make an independent determination of dependency; and (ii) enter its findings pursuant to Rule 1408[3] and an

---

[2] It bears mention that a plain reading of the record demonstrates that counsel for Mother and counsel for Father agreed with the Agency's proposed stipulation, stating that the disposition, not the dependency, was at issue. This intent is borne out later in the hearing when Father's counsel states, in response to the Agency's questioning of a police officer regarding domestic violence allegations, "Your Honor, if I may, I'm going to object to relevance at this point. **We have agreed that [W.Z. is] dependent and really the issue is where should this child go and under what conditions**." N.T. 4/17/2014, at 13 (emphasis added). Accordingly, were this claim not waived, we would determine that the trial court did not abuse its discretion in accepting the parties' stipulation as to W.Z.'s dependency, including the factual basis of W.Z.'s missing 30 days of school.

[3] Rule 1408 provides "[a]fter hearing the evidence on the petition **or accepting stipulated facts by the parties** but no later than seven days, the court shall enter a finding by specifying which, if any, allegations in the

adjudication of dependency pursuant to Rule 1409." Pa.R.J.C.P. 1405(B). Moreover, "if the parties agree to some allegations or placement, visitation, or other disposition resolutions, the court shall hold an adjudicatory hearing as to the remaining contested allegations in the petition." Pa.R.J.C.P. 1405(B)(1)(b).

In this case, the court accepted the parties' stipulation to the child's dependency. Nonetheless, at the end of the hearing, the court made an independent determination as to dependency, and entered a dispositional order placing W.Z. in the care of Maternal Grandmother. N.T., 4/17/2014, at 102-10. As the court's dependency order was entered into based on the valid stipulation of the parties, and because the court afforded the parties a full hearing (which addressed in detail the issues agreed to in the stipulations), we hold that the court did not abuse its discretion in adjudicating W.Z. dependent. Accordingly, we affirm the juvenile court's order.

Order affirmed.

---

petition were proved by clear and convincing evidence." Pa.R.J.C.P. 1408 (emphasis added).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/26/2014</u>